UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**VICTOR RAY BURGESS**                                                                                **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 5:22-CV-P87-JHM**

**DAVID NELSON et al.**                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Victor Ray Burgess, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the Court will dismiss this civil action.

### I. STATEMENT OF CLAIMS

At the time he filed his complaint, Plaintiff was a pretrial detainee at the Ballard County Jail. Plaintiff names as Defendants Carlisle County Jailer David Nelson, the Ballard County Jail, "Ballard Co. Jail nurse," and the Kentucky Department of Corrections (KDOC). He relates that he was injured in an accident while he was transported to court in a prison van driven by Defendant Nelson three days before he signed his complaint. According to Plaintiff, when the transport van struck another car, Defendant Nelson was on his phone. Plaintiff states that the impact caused him to be thrown into the "cage," resulting in neck pain and blurred vision. He states that a few hours later he began having back pain and headaches. He further states that he has had an x-ray done at the Ballard County Jail but has not received any advice from an "outside" doctor, for which he has repeatedly asked, or a "a proper CT scan of my head."

Plaintiff alleges that as a result of the wreck, he has had "night trauma . . . from flashbacks of hitting the case wire in the transport van[.]" He further alleges that despite several requests to see the nurse he has only seen the nurse once. He states that the nurse prescribed 800 mg of Ibuprofen every night and recommended a second mat. However, he states that he was refused a second mat, even though the nurse had recommended it. He states that the Ibuprofen had no effect on the pain, blurred vision, or the "night PTSD." He alleges that he will never be the same again due to problems with his vision and PTSD, "plus the nerve damage in my neck," and that he will never be able to "drive a tractor or farm equipment again, or obtain work as a long hauler semi driver."

As relief, he asks for compensatory and punitive damages and injunctive relief of having pending charges against him in Carlisle and Hickman Counties dismissed.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claim related to accident

Plaintiff alleges that while Defendant Nelson was driving the transport vehicle and talking on a cell phone he hit another car causing Plaintiff injury. However, "injuries suffered during an automobile accident do not amount to [constitutional] violations merely" because the driver of the vehicle was a law enforcement officer. *Webber v. Mefford*, 43 F.3d 1340, 1343 (10th Cir. 1994). Mere negligence, which is all that Plaintiff has alleged, does not rise to the level of a constitutional violation. *See, e.g.*, *Daily v. CCA-WCFA Whiteville Transp. Officers*, No. 3:18-CV-0146, 2018 WL 1583980, at *4 (M.D. Tenn. Apr. 2, 2018) (dismissing claims finding that "[p]laintiff's allegations suggest, at most, that Defendant Caldwell was negligent when, while driving at excessive speeds, he allowed himself to be distracted by his cell phone, which resulted in him abruptly slowing the transport van to avoid hitting an 18-wheeler truck, causing Plaintiff's injuries.").

The Fourteenth Amendment protects pretrial detainees from deliberate indifference to their health or safety by prison officials; to establish that a defendant was deliberately indifferent to a pretrial detainee's safety, the detainee must establish that the defendant's mental state showed reckless disregard for his safety. *See Brawner v. Scott Cnty.*, 14 F. 4th 585, 596-97 (6th Cir. 2021). This, Plaintiff fails to do. *See Major v. Lexington Fayette Urb. Cnty. Det. Ctr.*, No.

5:22-CV-253-CHB, 2022 WL 6785717, at *2 (E.D. Ky. Oct. 11, 2022) (where detainee alleged that he was injured when officer backed transport van into wall, but did "not allege intentional conduct by Officer King, nor even suggest recklessness by Officer King with regard to his safety," detainee failed to allege a constitutional violation) (citing *Brawner*); *Byerlein v. Hamilton*, No. 1:09-CV-841, 2009 WL 3255478, at *3 (W.D. Mich. Oct. 7, 2009) ("Although Plaintiff alleges that Hamilton was negligent in using a cell phone while driving and that he failed to observe or heed the warning about potential icy conditions on the bridge, nothing in Plaintiff's allegations suggests that Hamilton consciously disregarded a substantial risk of harm.") (citing *Farmer v. Brennan*, 511 U.S. 825, 839 (1970)). The Court will dismiss the claim against Defendant Nelson for failure to state a claim upon which relief may be granted.

### B. Claim related to medical care after the accident

Plaintiff alleges that in the three days in between the accident and when he signed his complaint he had an x-ray at the Ballard County Jail but, despite his repeated requests, had not received any advice from an "outside" doctor or "a proper CT scan of my head." He further alleges that he had seen the nurse once and that the nurse prescribed 800 mg of Ibuprofen every night and recommended a second mat. According to Plaintiff, however, he was not given a second mat. He states that the Ibuprofen had no effect on the pain, blurred vision, or the "night PTSD;" alleges that he will never be the same again due to problems with his vision, PTSD, and nerve damage in his neck; and asserts he will never be able to "drive a tractor or farm equipment again, or obtain work as a long hauler semi driver."

"Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir.

2022) (internal citations and quotation marks omitted); *Gist v. Trinity Servs. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a medical need under the Fourteenth Amendment: (1) he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (quoting *Brawner*, 14 F.4th at 596) (internal quotation marks omitted)). Further, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

  Here, Plaintiff has alleged only a difference of opinion with regard to the medical treatment he received. He acknowledges that he had an x-ray, but does not explain what the x-ray revealed or why he believes a CT scan is necessary. He states that the Ibuprofen was not effective for the pain or blurred vision, but does not state that he asked for and was refused other medication. Further, he offers no explanation for why he believes that he has nerve damage in his neck or that his blurred vision and PTSD will be permanent, and not temporary or treatable, given that he filed his complaint within three days of the accident. As such, the Court finds that Plaintiff has not stated a claim for deliberate indifference to his medical needs after the accident. The Court will, therefore, dismiss the claims against Defendants Ballard County Jail and "Ballard Co. Jail nurse" as failing to state a claim. *See, e.g.*, *Welker v. Davidson Cnty. Sheriff's Off.*, No. 3:20-CV-00198, 2020 WL 1170340, at *3 (M.D. Tenn. Mar. 11, 2020) (where detainee "acknowledges that he had an X-ray the next day . . . does not say what the X-ray revealed, what

his diagnosed injury was, what treatment he thinks was required, or how he has been further injured by the lack of that treatment" he failed to state a claim for deliberate indifference to his medical needs).

### C. Defendant KDOC

Plaintiff does not explain why he sues Defendant KDOC. According to the complaint, he was a detainee in a county facility, not a state prisoner, or either being housed in a state facility or transported by a KDOC employee. Regardless, "the Eleventh Amendment 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.'" *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993)); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-47 (1993). Thus, "because Kentucky has not waived its Eleventh Amendment immunity and Congress has not abrogated state sovereign immunity under [§] 1983," Plaintiff's claim against the KDOC cannot proceed. *Sefa v. Kentucky*, 510 F. App'x at 437 (citing *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (recognizing that § 1983 claims against a state agency are barred by the Eleventh Amendment)). Plaintiff's claim against the KDOC must also be dismissed because the KDOC, as a state agency, is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

### D. Requested injunctive relief

Finally, Plaintiff asks to have pending charges against him in Carlisle and Hickman Counties dismissed. However, a challenge to the fact or duration of Plaintiff's confinement, such as to have his charges dismissed, would have to be brought as a petition for habeas corpus and is not cognizable in this civil-rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494

(1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: May 18, 2023

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
4414.009